[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON VARIOUS MOTIONS
In this matter the court is obliged to resolve a myriad of motions filed by the parties over the past twenty two months. Jarndyce v.Jarndyce has in spirit been revisited. In an effort to untangle the various pleadings the court will relate a brief history of the matters now before it.
The file reflects the following pending motions together with other pleadings related thereto:
1. No. 132.10 Motion for appointment of attorney for minor child as guardian ad litem filed October 4, 2002 by plaintiff.
2. No. 133 Motion modification of parenting plan filed October 4, 2000 by plaintiff.
3. No. 134 Motion for referral to family relations office filed October 4, 2000 by plaintiff.
4. No. 135 Motion contempt re: child support filed October 4, 2000 by plaintiff.
5. No. 136.10 Stipulation dated November 14, 2000 as follows:
a. Parenting plan motion, et al to be referred to family relations office for mediation.
b. Each party shall provide the other counsel signed financial affidavits and proof of payment of support payments.
c. Other motions to go off.
6. No. 139 Motion for attorneys fees filed November 9, 2000 by defendant.
7. No. 140 Motion for modification (defendant seeks primary physical custody of the minor children and a modification of the child support order). Filed by defendant on November 14, 2000.
8. Reclaiming of various motions by defendant on March 15, 2001. Motions include Nos. 133, 135, 139 and 140.
9. Reclaiming of various motions by plaintiff on March 21, 2001. CT Page 10377 Motions include Nos. 132, 132.10, 133, 135 and 142.
10. Motions for modification of child support dated June 4, 2001 filed by plaintiff.
11. Withdrawal of Nos. 133 and 135 (motions for parenting plan and child support contempt filed by plaintiff dated March 12, 2002)
12. Reclaiming of the following motions for the short calendar by defendant dated March 11, 2002:
No. 134 — Defendant's motion for counsel fees
No. 140 — Defendant's motion for modification of child support, et al.
No. 149 — Motion for mistrial.
13. Motion for mistrial — filed by defendant received by court on November 6, 2001. Denied May 1, 2002.
14. Objection to withdrawal of plaintiff's motion for contempt. Filed by defendant on April 10, 2002.
15. No. 152 Motion for attorneys fees on finding of no contempt. Filed by defendant on April 10, 2002. Hearings on these motions were heard by this court on June 4, 2001, October 25, 2001, May 24, 2002 and July 23, 2002.
Having listed the various motions under consideration, this court rules as follows:
1. Plaintiff's Motion for Contempt (No. 135)
In this motion plaintiff contends defendant was in arrears in his child support payments in the approximate amount of $800.
The court's notes on this subject indicate that on October 5, 2001 plaintiff stated "I don't know how much defendant owes me in child support", that on that same day defendant stated "I have no records," that on May 24, 2000 he told the court "I don't keep good records — I have problems understanding my financial affidavit" and that finally, on July 24, 2002 defendant stated "the last six months I wished this matter would go away."
The court notes too that plaintiff made an unsuccessful effort to CT Page 10378 withdraw this motion.
On all of the evidence, this motion is denied.
2. Defendant's Motion for Modification of Child Support and Custody(No. 140)
Concerning this motion it is noted that the present order requiring defendant to pay plaintiff $200 weekly in child support was made on September 4, 1997, the date the marriage was dissolved, and was by agreement of both parties. The file does not include the financial affidavits of the parties at that time. However, an unsigned financial affidavit of the defendant dated March 10, 1997 indicates his gross weekly income at that time to be $878 (extended to $45,646 per year). Further, plaintiff's pretrial brief dated February 13, 1997 states defendant's income at that time to be $50,000-$60,000 per year. Since defendant's gross annual income is now stated to be $25,000, it is found that there has been since the date of the present child support order a substantial change in the circumstances of the defendant.
Having reviewed all of the evidence on this motion, it is ordered that defendant's weekly order of child support be modified and reduced to $118 per week. In computing this amount the court has relied upon the incomes of the parties as represented on their financial affidavits. This order shall be effective as of November 15, 2000, the date on which the plaintiff received notice of said motion. In making its order retroactive to that date the court has considered on the evidence that the earnings of the parties on that date were substantially the same as indicated on their current financial affidavits.
The remaining portions of the motions, including that requesting a change in custody are denied.
3. Defendant's Motion for Attorney's Fees (No. 139)
It appears from the file that this motion was filed on November 9, 2000 and that on November 14, 2000 the parties stipulated that it be marked "off". Four months later, on March 11, 2001 defendant reclaimed plaintiff's motion for contempt as well as his own motion for attorneys fees. Plaintiff in turn reclaimed her motion for contempt on March 21, 2001. On March 12, 2002 plaintiff withdrew her motion. Thereafter defendant successfully objected to its withdrawal inasmuch as evidence had been taken on it and it was done without court approval. Now defendant seeks attorneys fees claiming that in filing the motion plaintiff was attempting to harass the defendant. CT Page 10379
Inasmuch as plaintiff twice attempted to abandon the motion and defendant twice successfully managed to restore it to the docket, it is difficult to conclude that now plaintiff should be charged with harassment and be responsible for defendant's attorney's fees. Much time and effort on the part of all involved could otherwise have been spared. Defendant's motion for attorney's fees is denied.
4. All other motions of the parties are considered either withdrawn or abandoned by them.
 ______________________ John D. Brennan Judge Trial Referee